IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEO STEINER and PEGGY LOPEZ,

    Plaintiffs,

  vs.                                             No. CIV S-08-0599 GEB GGH PS

PAULA KRAMER, et al.,

    Defendants.                    ORDER

_____/

         Plaintiffs are proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1). Previously pending on this court's law and motion calendar for October 23, 2008, was a motion to dismiss the amended complaint filed by defendants County of San Joaquin, Sheryle Sparks, Pamela O'Keefe, Rex Beuthe, Steve Gamino, Matthew Dacey, Scharlet Hughes, Kimberly Johnson, Mohammad Zia, M.D., and Ellen Schwarzenberg ("County Defendants").[1] Plaintiff Peggy Lopez appeared in pro se. Dana Suntag represented the County Defendants. Having reviewed the record and heard oral argument, the court now issues the

---

[1] A motion to dismiss filed by defendant Korock on September 12, 2008, was vacated from the calendar and taken under submission without hearing as it was unopposed.

following order.[2]

The first problem with the amended complaint, aside from the fact that it is 55 pages long and names 23 defendants and numerous doe defendants, is that plaintiff Peggy Lopez cannot represent the interests of Leo Steiner because she is not an attorney.

Although Lopez argued in her opposition that pursuant to Fed. R. Civ. P. 17(c), she can represent Steiner as his conservator, she conceded at hearing that she misunderstood the rule. She also states that she is "still attempting to find legal counsel to ensure the rights of both Plaintiff Steiner and Plaintiff Lopez." Oppo. at 7-8.

While a non-attorney may represent him or herself in a lawsuit, he or she has no authority to appear as an attorney for others. A non-lawyer "has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987). "[A] parent or guardian may not bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). See also Rowland v. California Men's Colony 506 U.S. 194, 202, 113 S. Ct. 716, 721(1993) (unincorporated association must appear through counsel); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th cir. 1987) (dismissing complaint signed only by nonlawyer trustee); Church of the New Testament v. United States, 783 F.2d 771, 772 (9th Cir. 1987) (church must appear in court through a licensed attorney); Iannoccone v. Law, 142 F. 3d 553, 558 (2d Cir. 1998) (estate's action cannot be conducted pro se; Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) (same)). *Cf.* Winkelman v. Parma City School District, 127 S.Ct. 1994 (2007) (holding that Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., grants parents independent and enforceable rights they may litigate *pro se* in federal court; however, they may only litigate in *pro se* claims arising under this act).

\\\\\

---

[2] Plaintiffs filed an opposition on October 10, 2008, and then filed another opposition on the morning of the hearing. That second filing will not be considered.

1. This action is not proper insofar as plaintiff Lopez, a non-lawyer, purports to bring the action on behalf of other parties. At hearing Ms. Lopez indicated that she has been attempting to locate legal representation, and requested more time to retain counsel.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' request for time to retain counsel is granted.

2. Plaintiffs have sixty days from the date of this order to retain counsel and file an appearance by their counsel. If plaintiffs are not able to retain counsel within this time period, the court will recommend that the action be dismissed.

DATED: 10/24/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076
Steiner0599.atty.wpd